[Civ. No. 207.   Second Appellate Division.—July 6, 1906.]

## J. W. SEFTON, Respondent, v. VIOLA M. ROACH, Appellant.

TENANTS IN COMMON—CONTRACT TO SELL AND DIVIDE PROCEEDS UN-EQUALLY—CONSTRUCTION—SPECIFIC PERFORMANCE.—A contract between tenants in common to sell the whole land after a minimum price is reached, or before or when a maximum fixed price is reached, or thereafter when a further price is agreed upon, and to pay out of the proceeds of any sale $2,000 to one of them, and equally divide the remainder, can only be specifically enforced by the one entitled to the larger share, when the maximum price is

reached, in the absence of a prior sale, and thereafter there is no enforceable contract between them unless renewed by agreement.

ID.—PARTITION—LEGAL TITLE—EQUITABLE INTEREST NOT VESTED—ALLOTMENT.—In an action for partition between the tenant in common, who was to receive the lesser share in the event of sale, and the successor in interest of the one who was to receive the $2,000 excess in such event, where each owned one-half of the legal title, and no right to enforce a specific performance of the contract appears to exist, it cannot be held that the defendant's predecessor or the defendant had, by virtue of such contract, any vested equitable interest in the land to the extent of $2,000 over and above one-half interest therein, which could be enforced in the allotment in partition.

APPEAL from a judgment of the Superior Court of San Diego County. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

Puterbaugh & Puterbaugh, for Appellant.

Stearns & Sweet, for Respondent.

SMITH, J.—The suit is for partition of the land described in the complaint, and by an interlocutory decree there was awarded to plaintiff and to defendant, as successor in interest of Henry Roach, deceased, to each an undivided one-half of the land. The defendant appeals from the judgment, and from an order denying her motion for a new trial.

It appears from the findings and the stipulation of facts appearing in the bill of exceptions that, August 8, 1891, the land in question was vested in the plaintiff, who on that day conveyed to Henry Roach an undivided one-half interest therein; and on the same day a contract in writing was executed between Sefton and Roach, wherein, after reciting that the parties "are the owners one-half each" of the property in controversy, occurs the following:

"Now, therefore, for the purpose of managing and disposing of said property, it is hereby agreed between the parties hereto, that the said property shall not be sold for less than $30,000 prior to the 1st day of January, 1892, and that thereafter the price of said property is to be advanced $2,000 each and every six months until $40,000 is reached, and there-

after such advance shall be made as may be agreed upon between the parties hereto.

"It is further agreed, that whenever a sale is effected within the figures above mentioned, then both parties hereto are to execute to the purchaser a deed conveying all their interest in said land. That neither party is to sell or dispose of his interest in said property without the consent of the other, and to act and exercise the highest good faith the one towards the other in the management and control of said property. . . .

"It is further agreed, that upon the sale of said property there shall be paid to the said Henry Roach out of the first proceeds the sum of $2,000, and that thereafter all sums received from the sale of said lands shall be divided equally between the parties hereto, share and share alike."

It is claimed by the appellant that under and by virtue of this agreement Roach "acquired and became vested of a first and prior interest in and to (the land in controversy) to the extent of two thousand dollars over and above an undivided one-half interest therein, and that in equity and good conscience there should first be allotted and set apart to these defendants sufficient of said above-described lands, at their present marketable cash value, to equal the full sum of said two thousand dollars."

But we can see no grounds for this contention. The agreement, though of the same date, follows the conveyance, and the interests of the parties in the land are expressly stated to be, respectively, "one-half." So far as the legal title is concerned, therefore, there can be no question. The claim of the defendant is, therefore, to an equitable title, and we can conceive of no principle upon which this can be based other than that of specific performance. But the agreement is not that Roach should be paid $2,000 out of the proceeds of sale absolutely, but that he should be paid that sum out of the proceeds if sold at the prices mentioned in the contract. Upon familiar principles, therefore, the contract was not susceptible of specific performance subsequent to the year following the date at which the price of the land, according to the terms of the contract, was to be $40,000—which would be June 1, 1894; nor prior to that date, except upon the event of a purchaser being found at the price specified. There-

after there was no provision for a sale, except upon agreement of the parties as to price; and, indeed, until thus renewed there was no longer a contract between the parties.

We are of the opinion that the judgment and order appealed from should be affirmed; and it is so ordered.

Allen, J., and Gray, P. J., concurred.